# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED LOLLIS and ROSEMARY LOLLIS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 15-CV-0245-CVE-PJC |
| ) | |
| STEVE KUNZWEILER, Tulsa County ) | |
| District Attorney, and AMBER SWEET, ) | |
| Assistant District Attorney, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court are plaintiffs' complaint (Dkt. # 1) and plaintiffs' Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2). Plaintiffs Fred and Rosemary Lollis, proceeding pro se, appear to be alleging that their children where taken into custody by Child Protective Services (CPS), part of the Department of Human Services (DHS), based on false or misleading allegations of abuse or neglect. The allegations of the complaint are sparse, but plaintiffs may be alleging that the Tulsa County District Attorney or Assistant District Attorney Amber Sweet signed a petition authorizing the removal of plaintiffs' children from their home without properly supervising CPS' employees or taking adequate steps to ensure that the allegations were true. Dkt. # 1, at 1-2. Plaintiffs are proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe their pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir.

1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiffs state that the Court has jurisdiction over this matter under 42 U.S.C. § 1983. While § 1983 is not an independent basis for subject matter jurisdiction, plaintiffs could be alleging a claim for violation of their federal constitutional rights and this could support the exercise of federal question jurisdiction under 28 U.S.C. § 1331.[1] Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint

---

[1] The Court finds no allegations that would support the exercise of diversity jurisdiction, because plaintiffs allege that they and the defendants are citizens of Oklahoma and there is no diversity of citizenship.

2

must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Collins v. County of Johnson, Kan., 2001 WL 950259, at *1 (D. Kan. July 12, 2001) (quoting Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)).

Plaintiffs allege that their constitutional rights were violated when CPS removed plaintiffs' children from their home, and they cite § 1983 as the basis for their claims. Section 1983 provides a cause of action against state actors for violation of a plaintiff's Constitutional rights. Becker v. Kroll, 494 F.3d 904, 913 (10th Cir. 2007). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007). In the context of claims arising out of a social worker's alleged failure to properly supervise or a protect a child, it is clearly established constitutional law under the Due Process Clause that "children [are] to be kept reasonably safe from harm," but "state officials will only to be found to have violated this right if they 'knew of the asserted danger to [children] or failed to exercise professional judgment with respect thereto . . . and if an affirmative link to the injuries [the children] suffered can be shown." J.W. v. Utah, 647 F.3d 1006, 1011 (10th Cir. 2011). Construing plaintiffs' allegations broadly, they have alleged that defendants failed to ensure that CPS had adequate proof to support removal of children from their home and that defendants failed to make sure the children were safe. Dkt. # 1, at 1-2. At best, this claims sounds in negligence and this would not support a

finding that defendants violated plaintiffs' constitutional rights.[2] J.W, 647 F.3d at 1012. Plaintiffs have not alleged a colorable federal claim against defendants and the Court lacks subject matter jurisdiction over this case. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006) (federal courts cannot exercise federal question jurisdiction over a case without the existence of a colorable claim arising under federal law).

**IT IS THEREFORE ORDERED** that plaintiffs' claims are **dismissed for lack of subject matter jurisdiction**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2) is **moot**.

**DATED** this 8th day of May, 2015.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] To extent that plaintiffs allege that defendants signed a petition initiating child removal proceedings, defendants also have absolute prosecutorial immunity from plaintiffs' claims. White v. Blackwell, 343 F. App'x 341, 342 (10th Cir. 2009).